**FROM: The District Court of the 1st Judicial District.**
**County of Lewis & Clark.**

STATE OF MONTANA,
                    Plaintiff,                           NO. BDC 94-249
          vs.                                            DECISION
Shawn K. Smaage,
                    Defendant.

On August 24, 1995, it was ordered, adjudged and decreed that for the offense of Criminal Endangerment, a felony, the defendant is sentenced to ten (10) years at Montana State Prison. It is further ordered, adjudged and decreed that the defendant is adjudged a dangerous offender based upon findings as stated in the August 24, 1995 judgment. The defendant shall serve a minimum of three (3) years at Montana State Prison before becoming eligible for parole. The defendant shall not be eligible for parole until he successfully completes chemical dependency treatment and anger management at the prison, and a pre-release program, to include continued chemical dependency care, moral reconation therapy and a reasonable effort to obtain a G.E.D., if the defendant has not done so. Any parole granted the defendant shall include conditions as stated in the August 24, 1995 judgment. The defendant is granted 24 days' credit for time served prior to sentencing.

On August 21, 1997, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and proceeded Pro Se. The state was represented by Deputy County Attorney Michael Menahan.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 21st day of August, 1997.

DATED this 1st day of October, 1997.

          **Alternate Chairman, Robert Boyd, Member, Hon. Richard Phillips
          and Alternate Member, Hon. Jeff Langton**

The Sentence Review Board wishes to thank Shawn K. Smaage for representing himself in this matter and also Deputy County Attorney Michael Menahan.